Argued 7 February, decided 26 March, 1907.

**FREEMAN v. PRESTON.**      · ·ₒ

89 Pac. 375.

APPEAL—PRESUMPTIONS—TRIAL.

1. Where a court has made findings in accordance with the averments of the complaint, ignoring an amended answer, and certified in the bill of exceptions that the parties introduced evidence maintaining the allegations of their pleadings, the court on appeal must conclude, in view of the presumption under B. & C. Comp. § 788, subd. 15, that official duty has been regularly performed, that no permission was granted to file the amended answer, though it stated that it was filed by leave of court.

SAME—RECORD—SUFFICIENCY.

2. Where the abstract on defendant's appeal did not contain a reply to an amended answer, which could not have been interposed without leave of court, it devolved on defendant to set out the order granting leave, and on his failure to do so he could not complain that the court erred in ignoring the amended answer.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE MOORE.

This action was commenced May 19, 1905, to recover money. The complaint states that on April 11, 1905, the defendant, R. A. Preston, ordered from the plaintiff, I. Freeman, a cash register, agreeing to give therefor $305, paying at that time $10, and stipulating to pay a like sum on the eleventh of each month thereafter until the purchase price was fully discharged; that it was also agreed that if default should be made in the payment of any installment as it matured, the remainder of the consideration should at once become due and payable, and the sale of the register absolute; that the plaintiff delivered the register to the defendant who paid on account thereof the sum of $10 only, but on May 11, 1905, when the second installment matured, he, upon a demand therefor, refused to pay any part thereof, whereupon the remainder immediately became due and payable, and judgment is demanded therefor. The cause was tried October 20, 1905, without the intervention of a jury, and findings of fact and of law were made in accordance with the averments of the complaint, and judgment having been rendered thereon against the defendant for the sum of $295, he appeals.

AFFIRMED.

For appellant there was a brief over the names of *Arthur Carpenter Emmons* and *George J. Cameron,* with an oral argument by *Mr. Emmons.*

For respondent there was a brief with an oral argument by *Mr. Marion Baker Meacham.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. The abstract upon which the cause was tried in this court in lieu of a transcript sets out what purports to be a copy of an amended answer that shows it was filed on the day of the trial and states on the face of the pleading that it was done "by leave of court first had and obtained," etc. This answer denies each allegation of the complaint, and interposes thereto five separate defenses. No reply to such averments of new matter appears to have been filed, and the court in its findings ignored the amended answer. The plaintiff's counsel asserts in his brief that the separate defenses were disregarded, because it did not appear that leave was given to file the amended answer. The court certifies in the bill of exceptions that the parties introduced evidence at the trial tending to maintain the allegations of their pleadings and to support the respective issues made thereby. This declaration is compatible with the idea that the cause was tried on the issue made by the original answer, which, it is assumed, only denied the allegations of the complaint. Invoking the disputable presumption that official duty has been regularly performed (B. & C. Comp. § 788, subd. 15), we must conclude, from the findings of fact, that no permission was granted to file the amended answer.

2. Though the plaintiff's counsel, if he had considered the abstract filed herein incomplete, might have furnished such further or additional abridgement of the record of the cause as he deemed necessary to a full understanding of the questions involved on the appeal (Rule No. 5 of the Supreme Court, 35 Or. 587, 592), he could not have been expected to prove a negative; and as no reply to the amended answer appears in the abstract whereby permission to file the latter pleading was waived, and

as such answer could not have been interposed without the court's consent, the necessity of setting out an order to that effect devolved on the defendant's counsel, and, failing in this respect, we believe no error was committed in making the findings of which they complain.

It follows, from these considerations, that the judgment should be affirmed, and it is so ordered.        AFFIRMED.